UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JAXEN J. MORRIS,**

**Plaintiff,**

**v.** **Case No. 25-CV-1398**

**GORDON FOOD SERVICE, INC.,**

**Defendants.**

---

## ORDER

---

### 1. Background

Plaintiff Jaxen Morris brings claims for discrimination and retaliation under the Americans with Disabilities Act against his former employer, Gordon Food Service, Inc. (ECF No. 4.)

On October 13, 2026, Gordon filed a Rule 7(h) expedited motion to compel discovery responses and to enlarge the time for filing dispositive motions. (ECF No. 18.) Morris has not responded to Gordon's motion. *See* Civ. L.R. 7(h)(2). On October 22, 2026, Gordon filed a separate motion to extend the time for filing dispositive motions with confirmation that Morris does not oppose the proposed extension. (ECF No. 20.)

## 2. Motion to Compel

The scope of discovery is broad, and "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A request for discovery "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *AM Int'l Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D. Ill. 1981) (citing 8 Wright and Miller, *Federal Practice and Procedure*, Civil § 2008 (1970)). "The burden is on the objecting party to show why a particular discovery request is improper." *EEOC v. Klockner H & K Machs.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citing *Powerlock Systems, Inc. v. Duo-Lok, Inc.*, 54 F.R.D. 578, 579 (E.D. Wis. 1972)).

When a party fails to respond to interrogatories or requests for production of documents, Federal Rule of Civil Procedure 37(a)(3)(B) provides that the party may file a motion to compel discovery. For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, the movant must "recite the date and time of the conference or conferences and the names of all parties participating in the conference or

conferences." Civ. L.R. 37. A motion to compel discovery under Rule 37(a) "is addressed to the sound discretion of the trial court." *Klockner H & K Machs*., 168 F.R.D. at 235.

Gordon's counsel filed a declaration with six attachments documenting her efforts to obtain the outstanding discovery documents from Morris. (ECF Nos. 19, 19-1–19-6.) Based on this record, Gordon's counsel has complied with the federal and local rules requiring good faith efforts to resolve the matter without court intervention. Morris has not provided the court with any reason for repeatedly failing to comply with Gordon's requests.

Because Morris did not respond, the court will grant Gordon's motion to compel discovery as unopposed. *See* Civ. L.R. 7(d) ("Failure to comply with the briefing requirements in Civil L.R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion.").

**3. Sanctions**

Federal Rule of Civil Procedure 37(a)(5)(A), states that, if the court grants a motion to compel discovery, it "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, the court cannot order this payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or

objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Morris had a reasonable opportunity to respond to Gordon's motion to compel and did not do so. *See* Civ. L.R. 7(b). Gordon's counsel made several attempts in good faith to obtain the discovery without court action. Therefore, the court will order Morris to pay the reasonable attorney's fees and costs incurred by Gordon in bringing its motion to compel.

**4. Conclusion**

**IT IS THEREFORE ORDERED** that the defendant's motion to compel (ECF No. 18) is **GRANTED**.

The plaintiff shall serve full and complete responses and produce all responsive documents to the defendant's first set of interrogatories and requests for production of documents within ten (10) days of this order. The plaintiff shall also within ten (10) days of this order provide dates in November and December 2026 on which he is available for his continued deposition. The plaintiff shall pay the reasonable attorney's fees and costs incurred by the defendant in bringing its motion to compel. Failure to comply with the court's order may result in sanctions under Fed. R. Civ. P. 37(b)(2), including dismissal of this action with prejudice.

**IT IS FURTHER ORDERED** that the defendant's unopposed motion to extend the deadline for filing dispositive motions (ECF No. 20) is **GRANTED.** All motions for

summary judgment together with the moving party's principal materials in support of the motion are to be filed in accordance with Civil L.R. 56 no later than **January 11, 2027**.

Dated at Milwaukee, Wisconsin this 22nd day of October, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge