UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JAXEN J. MORRIS,**

**Plaintiff,**

**v.** **Case No. 25-CV-1398**

**GORDON FOOD SERVICE, INC.,**

**Defendant.**

---

# ORDER

---

## 1. Background

Plaintiff Jaxen Morris brings claims for discrimination and retaliation under the Americans with Disabilities Act against his former employer, Gordon Food Service, Inc. (ECF No. 4.)

On October 22, 2026, the court granted Gordon's motion to compel certain discovery responses as unopposed. (ECF No. 21.) The court ordered that Morris serve full and complete responses and produce all responsive documents to the defendant's first set of interrogatories and requests for production of documents within ten (10) days of that order. The court also ordered Morris to provide dates in November and December 2026 for his deposition availability. And, finally, the court ordered Morris to

pay the reasonable attorney's fees and costs incurred by Gordon in bringing its motion to compel.

Now before the court are three pending motions: (1) a motion to withdraw by Morris's counsel, Janet Heins (ECF No. 22), with a limited objection by Morris (ECF No. 26); (2) a pro se motion from Morris requesting to stay the court's order granting Gordon's motion to compel (ECF No. 24); and (3) a pro se motion from Morris to reconsider the court's ruling on Gordon's motion to compel (ECF No. 27).

**2. Motion to Withdraw**

Attorney Heins filed a motion to withdraw as counsel, explaining that continued representation of Morris would result in violations of the Rules of Professional Conduct. (ECF No. 22.)

Morris filed a "limited objection," explaining that he does not oppose termination of Heins's representation but does oppose "unconditional" withdrawal. (ECF No. 26 at 1.) Morris contends that Heins failed to timely communicate with him and "actively concealed" the court's order granting Gordon's motion to compel as unopposed. (*Id.* at 1–2.) Morris argues that Rule 37(a)(5)(A) authorizes expenses against counsel and prohibits unjust awards. (*Id.* at 2.)

Morris requests that the court: "terminate [Heins's] representation and recognize [him] as proceeding *pro se*"; "require Heins to show cause concerning expenses attributable to her conduct and establish a noticed schedule"; "assess properly

attributable Rule 37 expenses against Heins without reimbursement from Plaintiff and determine any supported § 1927 sanctions"; "preserve sanctions jurisdiction and require her participation as ordered"; and "require complete file delivery within forty-eight hours and preservation of relevant records."[1] (ECF No. 26 at 3.)

Morris provided a declaration and several exhibits in support of his contention that Heins failed to timely communicate with him about Gordon's discovery requests, his purported efforts to advance discovery, and his objection to supplying documentation concerning his "unrelated JUUL personal injury settlement." (ECF Nos. 29, 29-1.)

After the court ordered her to do so, Heins replied to Morris's limited objection to her withdrawal. (ECF No. 31.) Heins claims that Morris "has refused to produce certain requested, non-objectionable documents related to income verification, some of which he admitted at his deposition that he possesses." (ECF No. 31 at 1.) Heins cites an email that Morris provided as an exhibit in which he stated to Heins that he would "not be providing any JUUL settlement documentation" because it is "unrelated" and "expressly protected from third party disclosure by attorney-client and work-product privileges." (ECF No. 31 at 2 (quoting ECF No. 29-1 at 9).) Heins contends that "[n]one of these privileges apply to those documents," that Morris directed her to falsely represent to the court and opposing counsel that he produced everything he had in response to Gordon's

[1] Morris also requests that the court authorize his CM/ECF registration. (ECF No. 26 at 3.) But the court does not authorize CM/ECF registration. Morris may contact the Clerk of Court's office if he wishes to receive notices of electronic filing by email.

discovery requests, and that he drafted proposed motions that Heins deemed inappropriate. (*Id.* at 2.)

Heins acknowledges that defense counsel agreed to withdraw the motion to compel if the requested documents were turned over but that it did not do so because the responses remained incomplete. (*Id.*) Heins cites another email that Morris provided as an exhibit in which she stated to him that, "You seem to have missed the point. You did not fully respond to the company's discovery requests." (*Id.* at 3 (quoting ECF No. 29-1 at 12).)

The court finds it inappropriate to create a mini trial within this action about expense accounting between Morris and Heins. *Cf. Stasey v. Stasey*, 483 N.W.2d 221, 222 (Wis. 1992) ("conclud[ing] that a circuit court does not have subject matter jurisdiction in a divorce action to determine attorney fees between an attorney and a client whom the attorney continues to represent in the divorce action and to enter judgment therefor).

To the extent that Morris requests that the court impose on Heins the sanctions related to Gordon's motion to compel, the court declines to do so. Morris has not demonstrated that Heins advised the conduct that necessitated the motion, namely, Morris's objection to producing certain documents, because, as outlined below, the court will consider Morris's motion to reconsider, including his objections to the requested productions, and modify the prior order, if appropriate, after briefing is complete. *See*

Fed. R. Civ. P. 37(a)(5)(A) (authorizing sanctions on the attorney advising the conduct that necessitated the motion).

Accordingly, the court will grant Heins's motion to withdraw her representation. (ECF No. 22.)

**3. Motions to Stay & Reconsider**

In light of the change in Morris's legal representation and his pending motion to reconsider the court's order on Gordon's motion to compel, the court will grant Morris's motion to stay (ECF No. 24). The compliance deadlines set forth in the court's order granting Gordon's motion to compel (ECF No. 21) are hereby stayed pending resolution of Morris's motion to reconsider (ECF No. 27). Gordon and Morris may file briefs in response and reply on the motion to reconsider in accordance with the court's local rules. *See* Civ. L. R. 7(b)–(c).

**4. Conclusion**

**IT IS THEREFORE ORDERED** that Attorney Heins's motion to withdraw (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Morris's motion to stay (ECF No. 24) is **GRANTED** as set forth herein.

Dated at Milwaukee, Wisconsin this 10th day of November, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge